IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        Plaintiff,

vs.                                            Cr. No.  15-1889 JCH

**RAYMOND MOYA,**

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on several motions by Defendant Raymond Moya ("Moya"). They are: (1) Defendant's *Motion for Notice By the Government Pursuant to Rule 12(b)(4)(B)* [Doc. 45] and (2) Defendant's *Motion for Disclosure of Prior Acts Evidence* [Doc. 57]. Both motions will be granted in part as described herein.

## DISCUSSION

**I.    Motion for Disclosure Under Rule 12(b)(4)(B)**

    **A.    Summary of the Arguments**

In her motion under Rule 12(b)(4)(B), Moya asks the Court to order the Government to:

> disclose any and all evidence or information, including all information subject to disclosure under Rule 16 in the possession, custody, or control of the government, or the existence of which is known, or by the exercise of due diligence could become known to the government, which evidence or information the government presently or at any time contemplates or considers using in its evidence at trial, in order to afford the defendant an opportunity to move for suppression.

Moya also moves the Court for an order directing the Government to disclose, *inter alia*, all evidence obtained through a search or seizure (whether conducted with or without a warrant), obtained through electronic or mechanical recordings, or obtained through use of any electronic

means or by mail cover. He further requests evidence relating to the display of Moya's image or voice recording to anyone; and any written, recorded, or oral statements by Moya intended to be offered into evidence as his statement. Finally, Moya requests that the Court require the Government to specifically identify all evidence subject to Rule 12(b)(4)(B) from among the other evidence it has produced in discovery.

In response, the Government argues that the request is overbroad, and that it need not provide Moya with a list of all evidence that it plans to introduce at trial, but rather that Rule 12(b)(4)(B) contemplates disclosure only of evidence to be presented during the Government's case-in-chief.

### B. Analysis

Rule 16 of the Federal Rules of Criminal Procedure describes the government and defendant's respective disclosure obligations in a criminal case. Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure provides:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

"The Rule provides a mechanism to [ensure] that the defendant knows of the government's intention to use evidence to which the defendant may want to object." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1244 (D.N.M. 2008). Though a defendant is already entitled to discover the same evidence under Rule 16, Rule 12 provides an otherwise unavailable means by which he can distill that evidence down when determining what he will move to suppress, sparing him the futile exercise of moving to suppress evidence the government will not introduce. *See* Fed. R. Crim. P. 12, advisory committee notes, 1974 amendment.

The District of New Mexico has addressed this issue on two prior occasions, in *United States v. Lujan*, *supra*, and *United States v. McCluskey*, Cr. No. 10-2734 JCH, Memorandum Opinion and Order, Doc. 446 at 29-30 (D.N.M. May 11, 2012) (unpublished slip op.). In both cases, the court crafted a moderate approach to implementing Rule 12(b)(4)(B). The clear purpose of the Rule is to provide the Defendant with sufficient information to enable him to file only germane motions to suppress, but is not intended to provide access to the Government's trial strategy. As in those prior cases, in this case the Court will grant Moya's request in part, requiring the Government to notify Moya of any Rule 16 evidence it does not intend to introduce during its case-in-chief at trial, including but not limited to any information from a warrantless search or seizure; search or seizure based on a warrant; surveillance; interview; tracking device; mail cover; or display of any photograph, likeness, image, or voice recording. Because the rule refers specifically to the case-in-chief, the Government need not identify any Rule 12(b0(4)(B) evidence that it may use in rebuttal.

## II.     Motion for Disclosure of Prior Acts Evidence

### A.     Summary of the Arguments

Moya moves the Court to order the Government to disclose Rule 404(b) prior acts evidence at least 45 days before trial. He argues that as a practical matter, he requires at least that much time to investigate any proposed Rule 404(b) evidence in order to adequately defend against it at trial. He adds that the extra time will allow both sides to properly brief the matter for the Court in advance, which will promote a more efficient trial.

In response, the Government points out that Judge Khalsa initially required the Government to disclose Rule 404(b) evidence no later than five working days before trial, and that the Court subsequently extended that deadline to ten working days before trial. It argues that

this amount of time is adequate and points out that Moya has failed to explain why it would require at least 45 days before trial to investigate proposed Rule 404(b) evidence.

### B. Analysis

The current deadline for disclosure of Rule 404(b) evidence is ten working days before trial, the same deadline to file motions in limine. Upon further consideration, the Court concludes that it makes little sense to set these deadlines on the same date because it does not give the Defendant an adequate opportunity to file a motion in limine on a Rule 404(b) issue, should he feel the need to do so. As a result, the Court will alter the Government to make its Rule 404(b) disclosure no more than 30 calendar days before trial, and Moya's motion will be granted in part.

**IT IS THEREFORE ORDERED** that:

(1)   *Motion for Notice By the Government Pursuant to Rule 12(b)(4)(B)* [Doc. 45] is **GRANTED IN PART** and **DENIED IN PART** as described herein;

(2)   Defendant's *Motion for Disclosure of Prior Acts Evidence* [Doc. 57] is **GRANTED IN PART** and **DENIED IN PART** as described herein.

_____
**UNITED STATES DISTRICT JUDGE**