IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            Case No. 15-CR-1889 JCH

RAYOND MOYA,

        Defendant.

**MOTION IN LIMINE TO EXCLUDE POST-MORTEM PHOTOS OF DECEASED, AUTOPSY PHOTOS, 911 TELEPHONE CALL, AND TESTIMONY REGARDING EFFECTS OF C.W.'S DEATH ON HIS FAMILY AT TRIAL**

RAYMOND MOYA, the defendant herein, by and through his co-counsel, Jerry Daniel Herrera, Esq. and Amy Sirignano, Esq., file this Motion in Limine to Exclude or Limit Crime Scene Photos, Autopsy Photos, 911 Call Audio and Effects of C.W.'s Death on his Family at Trial. Mr. Moya asks this Court to exclude certain items disclosed by the government as potential trial exhibits pursuant to the Federal Rules of Evidence.

Mr. Moya states as follows:

## BACKGROUND

Mr. Moya is accused of selling heroin, which the government alleges caused C.W.'s death on August 12, 2011 (Doc. 1). On July 1, 2015, this Court entered an Order pertaining to discovery in this case and requiring, in part, that the government disclose "photograph books, paper, documents, photographs, tangible objects . . . which are

material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial…" (Doc. 12) Additionally, the Court's Order required disclosure of "reports of physical or mental examinations, and of scientific tests or experiments . . . material to the preparation of the defense or intended for use by the government as evidence in chief at trial." (Doc. 12)

Pursuant to the Order, the government has disclosed the audio recording of the 911 telephone call[1] related to the decedent's overdose, and photos of the deceased at the scene (his residence bedroom and hallway) and some Office of the Medical Examiner photographs. *See Bates numbers*: Raymond Moya OMI 001-008.

The 911 telephone call details C.W.'s mother's discovery of C.W.'s body and her emotional and physical efforts to resuscitate him. *No Bates Number Available.* The photos of the deceased are graphic, gruesome and highly prejudicial. *Id.* The admission of these photographs and 911 telephone call to the jury will jeopardize Mr. Moya's right to a fair trial because of the significant risk that the jury will base their decision not on the evidence presented, but on emotional grounds which play no part in a criminal action. *United States v. Brooks*, 739 F.3d 921, 941 (10th Cir. 2013) (warning against decisions made "on an improper basis[,]" such as those there the "evidence . . . provokes an emotional response in the jury." (internal quotation marks omitted)). More importantly, these photographs and 911 call audio are cumulative to establish the death

---

[1] The 911 call is an audio file and is not Bates numbered. The parties will be submitting their exhibit lists and binders to the Court shortly.

of C.W., and only serve to prejudice Mr. Moya.  As such, the post-mortem photographs and 911 telephone call audio must be excluded from the evidence at trial.

After C.W.'s death, C.W.'s mother and other parents have founded a local non-profit, 501(c)(3) Organization, Healing Addiction in our Community (HAC) and Heroin Awareness Committee, to address heroin addiction among young people in New Mexico, including C.W. and other youth.  *See*, http://www.healingaddictionnm.org, last accessed on December 8, 2016.

## DISCUSSION

### I. The Graphic and Prejudicial Post-Mortem Photographs of C.W. from the Office of the Medical Examiner's Must be Excluded at Trial.

The defense objects to the admission of all post-mortem photos of C.W. from any source, including those provided by the Office of the Medical Examiner.  *Bates numbers Raymond Moya OMI 001-008.*

Evidence is relevant if, "it has any tendency to make a fact more or less probable than it would without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Sinks*, 473 F.3d 1315, 1320 (10th Cir. 2007).

The defense will stipulate at trial that C.W. died on August 12, 2011, in Bernalillo County, in the District of New Mexico.  As such, the government need not submit cumulate evidence of C.W.'s death through his post-mortem photographs and the 911 call made by his mother, Jennifer Weiss-Burke.  *See Smith v. Secretary of N.M. Dep't of*

3

*Corrections*, 50 F.3d 801, 829 (10th Cir. 1995) (defining cumulative evidence as "evidence which goes to prove what has already been established by other evidence" (internal quotation marks omitted)). The admission of photographs of C.W.'s dead body serve no useful purpose to the jury. Quite to the contrary, the gruesome, shocking, and frightening nature of C.W.'s post-mortem photographs will *only* serve to evoke the emotions of the jury, and will interfere with the jurors' ability to objectively weigh the government's evidence and find the facts of this case. *See Cole v. Trammell*, 755 F.3d 1142, 1165 (10th Cir. 2014) (acknowledging that court's tendency to find post-autopsy photographs inadmissible due to their shocking nature); *cf. Spears v. Mullin*, 343 F.3d 1215 (holding that admission of gruesome photographs of dead victims at sentencing stage rendered sentencing fundamentally unfair).

This Court has broad discretion in receiving or rejecting evidence for purposes of Federal Rule of Evidence 401 which defines "relevant evidence." *Hackbart v. Cincinnati Bengals, Inc.*, 601 F.2d 516 (10th Cir. 1979). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also United States v. Rodriguez-Felix*, 450 F.3d 1117 (10th Cir. 2006) (affirming exclusion of evidence when evidence amounts to the needless presentation of cumulative evidence).

4

Multiple photos of the deceased intubated and lying on his bedroom floor and lying dead on the autopsy table, including photos showing his mouth gapping open and his eyes rolled back into his head, are irrelevant and misleading to any issue before the jury in the trial. See *Spears v. Mullin*, 343 F.3d 1215, 1228 (10th Cir. 2003) ("Even if the photographs were minimally relevant to the heinous, atrocious, or cruel aggravator, the photographs' prejudicial effect outweighed their probative value"). Here, the photos at the scene and from the autopsy of the deceased do not explain the cause or mechanism of death. The close up face shots of the deceased are particularly disturbing and will only serve to inflame the jury and should be excluded.

The Court should also exclude cumulative photos. Fed. R. Evid. 403. See *United States v. Solomon*, 399 F.3d 1231, 1240 (10th Cir. 2005) (no abuse of discretion for trial court to exclude photographs that were merely cumulative of eyewitness testimony). Admission of multiple photos providing merely a repetitive depiction of C.W. at the crime scene or being autopsied are unnecessary and cumulative evidence that replicates other evidence the government will certainly offer, including testimony from C.W.'s family, the officers on the scene, the emergency medical technicians and the personnel who conducted the autopsy. Displaying photos of the deceased repeatedly before the jury will merely serve to complicate their efforts to focus in on the relevant facts going toward cause of death.

The crime scene and autopsy photos should also be limited because allowing the introduction of all of them would be unfairly prejudicial. "Unfair prejudice' within [the] context [of Rule 403] means an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, advisory committee's note. When considering the probative value of the photographs of the crime scene and autopsy, this Court should consider the alternative methods through which the government could prove its case, including testimony. *United States v. Yazzie*, 188 F.3d 1178, 1192 (10th Cir. 1999) (acknowledging that court's discretionary judgment may be informed by assessing evidentiary alternatives). In this case, admission of multiple photos of the deceased will only serve to inflame the jury. For example, here the photographs do not suggest some obvious cause of death as could be the case in a shooting or stabbing. Rather, the cause of death alleged by the government is better proven though the testimony of qualified medical personnel. Exclusion of the photographs serves two functions, 1) to prevent the jury from being unduly prejudiced by the disturbing nature of the photos and 2) allowing this Court to exercise its role as a gatekeeper and make sure the facts upon which the jury makes its decision regarding cause of death are rooted in logic and not emotion.

    II.    **The Disturbing and Prejudicial 911 Call Audio.**

The 911 Call is more prejudicial then probative. Under Rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair

prejudice. See *United States v. Record*, 873 F.2d 1363, 1375 (10th Cir. 1989). The decision to admit or exclude evidence pursuant to Rule 403 is within the trial court's discretion. See *United States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999). The trial court's discretion to balance possible unfair prejudice against probative value is broad. *E.g.*, *SEC v. Peters*, 978 F.2d 1162, 1171 (10th Cir. 1992).

Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury, or if the evidence tends to adversely affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged. See *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999). "Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008). "[T]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Caraway*, at 1302 (quoting Fed R. Evid. 403 advisory committee note).

Here, C.W.'s mother initiates the 911 call just after she found him in his bed. Throughout the call, C.W.'s mother is understandably emotional and cries and pleads with her son to regain consciousness. As the call progresses, first the 911 operator and then the paramedic/rescue operator, attempt to calm C.W.'s mother down enough for her to follow their instructions and attempt to resuscitate C.W. The call is heart-wrenching and of a nature that it would summon sympathy and pity for the family

from any juror. Even without the 911 call audio recording, the government can certainly establish the series of events on the call through testimony from C.W.'s mother, the 911 operators, and the first responders. Additionally, the government's witnesses will presumably testify that 911 was called, that C.W.'s mother discovered his body, and that she attempted to resuscitate him. The 911 call has therefore diminished probative value, and its admission would be cumulative under Rule 403(b).

### III. Testimony Regarding Heroin Awareness Committee and Healing Addiction in Our Community.

"We do not condone encouraging the jury to allow sympathy, sentiment, or prejudice to influence its decision." *Duvall v. Reynolds*, 139 F.3d 768, 795 (10th Cir. 1998). The Court may exclude evidence that is of limited or no probative value and which as offered is an appeal to the jury's sympathy, rather than to aid the jury in determining the questions before it. *Cf. Stouffer v. Trammell*, 738 F.3d 1205 (10th Cir 2013) (acknowledging impropriety in prosecutor's remarks encouraging jury to allow sympathy to influence its decision at sentencing).

Testimony by the C.W.'s family or other witnesses regarding their work to combat heroin addiction after C.W.'s death is absolutely irrelevant to the decision of the guilt or innocence of Mr. Moya. It is not probative in any way to the questions before the jury in this matter and can only serve as a blatant attempt to curry sympathy from the jury for the deceased and his family. It also will place the facts of this case within a

broader societal context and may motivate the jury to decide guilt or innocence not on the facts of this case but in order to send a message regarding heroin abuse in the community at large. Testimony regarding the impact of the C.W.'s death on his family is highly prejudicial and has no valid purpose in the trial phase and must be excluded.

## CONCLUSION

WHEREFORE, RAYMOND MOYA, Defendant, by and through undersigned co-counsel, respectfully requests that this Court grant the following relief:

A. Exclude the post-mortem photos of C.W.;

B. Exclude the 911 call audio;

C. Exclude all testimony pertaining to the impact of C.W.'s death on his family including any testimony regarding the Heroin Awareness Committee and/or Healing Addiction in Our Community;

D. Such other relief as this Court deems just and proper.

Respectfully submitted,

/s electronically submitted
Amy Sirignano, Esq.
5901J Wyoming Blvd. NE #250
Albuquerque, NM 87109
(505) 242-2770
(505) 242-2774 facsimile
amy@abqnmlaw.com

Co-counsel for Raymond Moya

9

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via Court's CM/ECF system on AUSAs Sean Sullivan and Nick Ganjei, counsel for the government, on this 9th day of December, 2016.

　/s　　　　　　　　　　　　　　
Amy Sirignano, Esq.