IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 15-1889 JH |
| | ) | |
| vs. | ) | |
| | ) | |
| **RAYMOND MOYA**, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES' MOTION FOR A PRETRIAL EVIDENTIARY HEARING ON THE ADMISSIBILITY OF TELEPHONE RECORDS AS EVIDENCE**

The United States hereby moves for an evidentiary hearing pursuant to Rule 104 of the Federal Rules of Evidence for the purpose of obtaining a pretrial ruling on the admissibility of certain wireless telephone records obtained from Sprint Corporation and Cricket Communications (now operated by AT&T).  In support of this motion, the United States sets forth the following:

PERTINENT FACTS

On the morning of August 13, 2011, Cameron Weiss (hereinafter, "Cameron") died of a heroin overdose at his home in Albuquerque.   His mother, Jennifer Weiss, found a note in his bedroom containing certain information, including telephone numbers for Joseph Dyson (505-463-7840) and Colin Riley (505-604-6979).  This note is attached as Exhibit 1.

Investigators in this case have interviewed Joseph Dyson about the note. He has told them that he was incarcerated with Cameron during part of August 2011 and gave the note to Cameron upon Cameron's release from jail on or about August 7, 2011. Dyson further stated to investigators that he purchased heroin on August 12, 2011, from the defendant, Raymond Moya (hereinafter, "Defendant"), known to him as "Riot." Dyson further stated that he shared some of this heroin with Cameron Weiss. Investigators have also interviewed Riley who told them that he obtained heroin from Defendant on August 7, 2011, and provided some of that heroin to Cameron Weiss.

Investigators obtained cellular telephone records from Sprint Corporation for the above-described telephone numbers belonging to Dyson and Riley. The cover sheets for the production of these records are attached as Exhibit 2 (Dyson) and 3 (Riley), respectively. Both sets of records show frequent call to/from telephone number 505-907-0156 during the month of August 2011. Of significance, Riley's phone records show frequent contact with 505-907-0156 on August 7, 2011, and Dyson's phone records show frequent contact with 505-907-0156 on August 12, 2011.

On March 15, 2012, the Honorable Lorenzo F. Garcia, United States Magistrate Judge for the District of New Mexico authorized an order, pursuant to 18 U.S.C. § 2703(d), directing Cricket Communications, which was the service provider for telephone number 505-907-0156, to provide subscriber information and other records concerning that phone number. A copy of Judge Garcia's order is Attached as Exhibit 4.

On March 16, 2012, Special Agent David Howell faxed a copy of Judge Garcia's order to Cricket Communications. A copy of this fax is attached as Exhibit 5.

On April 13, 2012, Special Agent Howell received an e-mail message from Cindy Vance-Gleason at Cricket Communications. In the email, she provided subscriber information and other records in response to Judge Garcia's order. A copy of this email is attached as Exhibit 6.

The subscriber information obtained from Cricket Communications for 505-907-0156 indicated that phone number belonged to "Ray Moya" during the period of time from March 30, 2011, to March 3, 2012. A copy of the subscriber information is attached as Exhibit 7.

On December 16, 2016, Amanda Barker of AT&T provided an affidavit stating that AT&T was "unable to recreate" the records previously provided to investigators for telephone number 505-907-0156. However, the affidavit stated that the records "appear to be in the same format as records that were maintained and produced by AT&T in 2012." A copy of this affidavit is attached as Exhibit 8.

The indictment, Doc. 1, in this case charges Defendant with distribution of heroin in relation to a transaction with Riley on August 7, 2011, and distribution of heroin resulting in death in relation to a transaction with Dyson on August 12, 2011.

## APPLICABLE LAW AND LEGAL ARGUMENT

The United States hereby moves for an evidentiary hearing pursuant to Rule 104 of the Federal Rules of Evidence for the purpose of obtaining a pretrial ruling on the admissibility of the telephone records described herein. Essentially, the United States seeks to lay the necessary foundation for the admissibility of its wiretap evidence - which

is largely a technical process - outside of the presence of the jury so as not to waste the jury's time.  Fed. R. Evid. 104 provides in relevant part:

> (a) Questions of admissibility generally. Preliminary questions concerning … the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges. …
>
> (c) Hearing of jury. Hearings on the admissibility of confessions shall in all cases be conducted out of the hearing of the jury. Hearings on other preliminary matters shall be so conducted when the interests of justice so require, or when an accused is a witness and so requests.

Fed. R. Evid. 104(a) and (c).

This proposed hearing is proper under Federal Rule of Evidence 611(a), which requires the Court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to ... avoid needless consumption of time."  If the Court determines at the conclusion of the evidentiary hearing that these telephone records may be admitted into evidence at trial, the length of the trial will be significantly reduced.

The paramount purpose of laying a foundation is to ensure the accuracy of the evidence in question.  The burden established by Fed. R. Evid. 901(a) is not great, it is simply "that the matter in question is what its proponent claims" it to be.  Defense counsel has had access to relevant portions of these records for months.[1]  There has been no

---

[1] The United States disclosed relevant portions [i.e., calls to/from 505-907-0156] of the Sprint telephone records for (505) 463-7840 and (505) 604-6979 to defense counsel on or about August 18, 2015 (Bates Nos. Sprint 030-032, 053-057).  The United States disclosed complete versions of these records to defense counsel on January 6, 2017.  The

challenge to the authenticity of the records.  Accordingly, the United States requests that the Court hold a pretrial hearing pursuant to Fed. R. Evid. 104, in which the United States will seek an order affirming the admissibility of these telephone records.

## CONCLUSION

For the foregoing reasons, and for those reasons stated in open court at a hearing on this matter, the United States respectfully asks that this motion be granted and an appropriate order be entered.

                                            Respectfully submitted,

                                            JAMES D. TIERNEY
                                            Attorney for the United States,
                                            Acting Under Authority Conferred by
                                            28 U.S.C. § 515

                                            *electronically filed 01/06/2017*

                                            SEAN J. SULLIVAN
                                            ASSISTANT U.S. ATTORNEY

---

United States disclosed a complete version of the Cricket subscriber information for (505) 907-0156 to defense counsel on or about August 18, 2015 (Bates No. Cricket 006).

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused the defendants, through their counsel, to be
served by electronic means, as reflected on the Notice
of Electronic Filing, and other methods of service as
indicated therein on January 6, 2017.

 *Electronically filed*
SEAN J. SULLIVAN
Assistant United States Attorney