IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-CR-1889-JCH |
| vs. ) | |
| ) | |
| RAYMOND MOYA, ) | |
| ) | |
| Defendant. ) | |

# UNITED STATES' MOTION *IN LIMINE* TO PROHIBIT IMPROPER, SPECULATIVE ARGUMENT REGARDING GOVERNMENT LABORATORIES

The United States respectfully moves for an order prohibiting defendant Raymond Moya ("Defendant") from arguing that any negative inference should be drawn from the fact that he does not possess certain evidence pertaining to government laboratories, or that the government declined to produce it for him. Such an order would give force and effect to the law of the circuit, including but not limited to the pattern jury instructions regarding reasonable inferences and improper speculation. Such an order is warranted where, as here, a party has signaled that it intends to pursue testimony and argument based on its lack of evidence on a topic.

The Tenth Circuit's Criminal Pattern Jury Instructions are instructive regarding reasonable inferences and impermissible speculation. Instruction 1.06, defining evidence, provides as follows:

> You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

> The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed. …

> I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

10th Circuit Criminal Pattern Jury Instructions, 2011 Edition. And, Instruction 1.07, regarding inferences, provides:

> While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved. By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

*Id.* (citing *United States v. Rahsepharian*, 231 F.3d 1267, 1271-72 (10th Cir. 2000); *United States v. Ortiz-Ortiz*, 57 F.3d 892, 895 (10th Cir. 1995); *United States v. McIntyre*, 997 F.2d 687, 702-03 & nn. 16-18 (10th Cir. 1993)).

The Court has already examined and taken argument on Defendant's demands for numerous categories of scientific or technical evidence. Doc. 60 (Sealed Motion to Compel Discovery), Doc. 122 (Sealed Supplemental Motion to Compel Discovery), Doc. 125 pp. 28-29 (Order denying motion to compel scientific evidence). The Court has already examined and taken argument on the topic of defense witness Janine Arvizu, and specifically her proposed testimony regarding documents she has not reviewed regarding the operations of government laboratories at issue in this case. Doc. 157 (motion to exclude witness testimony), Doc. 184 (order allowing witness to testify). The Court has also reviewed Ms. Arvizu's proposed testimony, including her proposed opinions about aspects of the operations of laboratories that she has not actually reviewed. Doc. 131-2.

We know from these documents, taken together, that 1) Ms. Arvizu has not reviewed the

records, documents, and procedures of government laboratories in several respects she considers important, 2) the law does not allow Defendant to compel disclosure of those records, documents, and procedures, and 3) Defendant nevertheless intends to adduce testimony about Ms. Arvizu's desire to examine those categories of scientific evidence and her inability to verify the accuracy of any lab result in their absence. The United States expects, therefore, that Defendant seeks to argue that the jury should give lesser weight to any laboratory evidence because it cannot be sufficiently verified. Under these facts, and in light of the law of the Tenth Circuit as described by the above-quoted jury instructions, any argument that the jury should weigh the government's evidence less heavily because of scientific evidence Ms. Arvisu never saw and reviewed would be improper. The jury is not allowed to speculate about what an exhibit might have shown. Tenth Circuit Criminal Pattern Jury Instruction 1.06. Yet, that is exactly what Defendant would be asking them to do if he were allowed to argue that Ms. Arvizu's non-review of scientific evidence were somehow probative.

Negative inferences regarding evidence not produced are only proper where that evidence has been destroyed in bad faith. *See Dalcour v. City of Lakewood*, 492 Fed.Appx. 924, 937 (10th Cir. 2012) (court properly denied request for negative inference instruction when requesting party failed to show bad faith in destruction of evidence); *York v. AT&T*, 95 F.3d 948 (10th Cir. 1996) (citing *Wilson v. Merrill Dow Pharmeceuticals, Inc.*, 839 F.2d 1149, 1150-51 (10th Cir. 1990)) (district court correct to deny request for "missing witness" instruction where York failed to meet the four *Wilson* factors); *Doe v. Glanzer*, 232 F.3d 1258 (9th Cir. 2000) (District court properly ruled that no negative inference could be drawn from defendant's failure to answer deposition question about test he had not taken). *But see Gerlich v. United States DOJ*, 711 F.3d 161 (D.C. Cir. 2013) (negative inference proper when unrebutted evidence established that

Department of Justice employees intentionally destroyed records when on notice that litigation concerning those records was reasonably foreseeable); *3M v. Pribyl*, 259 F.3d 587, 606 n. 5 (7th Cir. 2001) (District court properly instructed jury they could draw a negative inference from Pribyl's intentional destruction of computer data the night before the computer was supposed to be turned over pursuant to a valid discovery request).

To distinguish cases involving bad faith, where a negative inference may be proper, and other circumstances, "well settled principles of criminal law regarding the effect of lost or destroyed evidence [are] instructive." *Higgins v. Martin Marietta Corp.*, 752 F.2d 492, 496 (10th Cir. 1985). "Courts approach the problem by evaluating the culpability of the party in the loss of the evidence and the significance of that evidence." *Id*. (citing *United States v. Grammatikos*, 633 F.2d 1013 (2nd Cir. 1980); *United States v. Bryant*, 439 F.2d 642 (D.C. Cir. 1971)). "Courts also examine all circumstances of the case to determine if bad faith or intentional destruction of evidence occurred." *Id.* (citing *United States v. Beathune*, 527 F.2d 696 (10th Cir. 1975)). In the Tenth Circuit,

> the general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction. The adverse inference must be predicated on the bad faith of the party destroying the records. Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case.

*Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997) (internal citations and quotations omitted). Here, with respect to the scientific evidence that Defendant wants but does not have, there has been no bad faith or intentional destruction of any evidence by the United States, and the United States has not been responsible for the loss of any evidence. Instead, Defendant is simply not entitled to obtain the evidence. *See* Doc. 125 pp. 28-29 (denying Defendant's motions to compel discovery).

The law also informs us that a party is not entitled to a negative inference when their opponent does a thing the law allows them to do. *See United States v. Canterbury*, 985 F.2d 483, 486 (10th Cir. 1993) ("This rule is based upon a recognition that it is fundamentally unfair for the government to inform a defendant of his right to remain silent and then ask at trial that a negative inference be drawn from that silence.") Indeed, to allow a negative inference to be drawn from a party exercising their rights undermines those rights. Here, the United States has the right to protect certain items of scientific evidence from disclosure. Doc. 125, pp. 28-29. Defendant should not be at liberty, therefore, to argue that negative inferences can be drawn by the exercise of that right.

For those reasons, the United States respectfully requests this Court issue an order prohibiting Defendant from arguing that a negative inference should be drawn against the United States based on evidence not provided, not reviewed by testifying witnesses, and not submitted to the jury. To the extent consideration of this request requires reconsideration of the Court's order permitting Ms. Arvizu to testify about documents she has not seen and not reviewed, Doc. 184 (including a re-assessment of the probative value of such evidence as opposed to its unfair prejudice and potential to mislead or confuse the jury under Federal Rule of Evidence 403), the United States respectfully requests that reconsideration.

Defense counsel has been contacted and opposes this motion. If the Court were to rule on this motion before opening statements, the parties would be better prepared to make those opening statements and determine whether objections are appropriate to any comment made during opening statements. The filing of this motion in CM/ECF caused a copy to be served electronically on Amy Sirignano, Esq., and Jerry Daniel Herrera, Esq., counsel for Defendant.

                                                                                            Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*Electronically filed March 16, 2017*
PAUL J. MYSLIWIEC
SEAN J. SULLIVAN
NICHOLAS JON GANJEI
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87103
(505) 224-1471