IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                                                        Case No. 15-CR-1889 JCH

**RAYMOND MOYA,**

        **Defendant.**

## ORDER REGARDING THE TESTIMONY OF GOVERNMENT'S EXPERT WITNESS DAWN SHERWOOD

THIS MATTER comes before the Court on two related motions: The United States' Emergency Motion for Status Conference Regarding Trial Deposition of Chemist Sherwood **[Doc. 219]** and Defendant Raymond Moya's Sealed Motion to Exclude … the Expert Testimony of Chemist Dawn Sherwood **[Doc. 228]**. A hearing on the matter was held on March 28, 2017. After careful consideration of the motions, briefs, arguments, and relevant law, the Court concludes that the Government has failed to comply with its notice obligations and that allowing Ms. Sherwood's expert testimony during a trial beginning April 3, 2017 would unfairly prejudice Defendant.

### Factual Background

The jury trial in this case has been continued multiple times. Most recently, the trial was continued from January 9, 2017 to April 3, 2017. The decision to continue that setting was made on January 6, 2017, only a few days before jury selection was to begin, after both parties had submitted their respective witness lists. Notably, Dawn Sherwood was not on the Government's witness list, **[Doc. 169]** but was listed by Defendant. **[Doc. 145]** Additionally, the parties had each submitted notices of intent to offer expert witness testimony. The Government filed notices

with summaries of expert testimony for Dr. Andrews and Dr. Labay on February 5, 2016 **[Doc. 37]** and Dr. Iwamoto on December 28, 2016 **[Doc. 183]**. No such notice was filed with respect to the expert testimony of Ms. Sherwood prior to filing of the motions at issue or the motion hearing on the issue on March 28, 2017.

On March 20, 2017, the Government filed its Emergency Motion for Status Conference Regarding Trial Deposition of Chemist Sherwood. **[Doc. 219]** In its motion the Government explained that it had very recently learned that Ms. Sherwood would not be available to testify during the April 3, 2017 trial. The Government had attempted to schedule a time with Defendant and Defense Counsel to conduct a pre-recorded trial deposition of Ms. Sherwood. However, Defense Counsel informed the Government that it was planning to remove Ms. Sherwood from Defendant's witness list and did not agree to the video deposition on such short notice. The Government requested an order allowing the presentation of the pre-recorded deposition at trial in place of Ms. Sherwood's live testimony.

On March 22, 2017, Defendant filed a motion to exclude, among other items, Ms. Sherwood's expert testimony. **[Doc. 228]** Defendant argues that the Government failed to comply with its disclosure requirements under Rule 16, and that the appropriate remedy for the violation would be to exclude Ms. Sherwood's testimony.

The Court held a hearing on the issue of Ms. Sherwood's testimony on March 28, 2017. The Government argued that it had not violated Federal Rule of Criminal Procedure 16 because it had provided Defendant with Ms. Sherwood's reports and findings, but even if the Court found that there was a violation, suppression was not the appropriate remedy under the factors articulated in *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988). Specifically, the Government argued that any delay in disclosing Ms. Sherwood as a witness was not in bad faith

and that the delay did not unfairly prejudice Defendant, but in the event that the Court concluded there was prejudice, the Government would not object if the Defendant requested a continuance to allow sufficient time to prepare for Ms. Sherwood's testimony. Defendant argued that the Government violated Rule 16 because the voluminous pages of reports and findings by Ms. Sherwood did not provide notice of what her testimony would be. Defendant also argued that requiring Defense Counsel to prepare for cross examination of Ms. Sherwood on such short notice would be unfairly prejudicial, and continuing the trial would not cure the prejudice to the Defendant, so the Court should exclude Ms. Sherwood's testimony.

**Legal Standard**

Federal Rule of Criminal Procedure 16(a)(1)(G) describes the Government's disclosure requirements for expert witnesses. It provides that "the government must give to the defendant a written summary of any testimony that the government intends to use under [the evidence rules pertaining to the admissibility of expert testimony] during its case-in-chief at trial." Rule 16(a)(1)(G) further clarifies that "[t]he summary provided … must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

If a party fails to comply with its discovery requirements, Rule 16(d)(2) authorizes the court to fashion an appropriate remedy, including ordering discovery, granting a continuance, prohibiting the introduction of undisclosed evidence at trial, or "any other order that is just under the circumstances." *Wicker* offers further guidance to courts in determining whether exclusion is an appropriate sanction for a discovery violation by the government, advising courts to consider the following factors:

> (1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery [rule]; (2) the extent of prejudice to the defendant as a

result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance.

848 F.2d at 1061. The *Wicker* Court noted, however, that these factors were merely a guide, and are not meant to "dictate the bounds of the court's discretion." *Id*.

## Discussion

First, the Court considers whether, under the plain language of Rule 16(a)(1)(G), the Government has provided the requisite notice of the expert testimony of Ms. Sherwood. Counsel for the Government argued that it has complied by providing numerous pages of findings and reports signed by Ms. Sherwood as the "Certifying Scientist." To the extent that counsel for the Government contends that Rule 16(a)(1)(G) does not require notice in a particular format, the Court disagrees. The rule explicitly requires a "written summary of the testimony," that must include the witness's opinions and bases for those opinions. The Government appears to have understood this requirement when it filed its previous notices of intent to offer expert testimony. **[***See* **Docs. 37, 183]** Here, however, as Defense Counsel argued, the documentation provided by the Government does not explain what Ms. Sherwood actually did, how or why she did it, or exactly what opinions she might express at trial. Accordingly, the Court concludes that the Government has not complied with its expert witness disclosure obligations with respect to Ms. Sherwood.

The next question, then, is whether exclusion of Ms. Sherwood's testimony is the appropriate remedy for the violation, under the factors articulated in *Wicker*. With regard to the first *Wicker* factor, the Court concludes that there is no evidence of bad faith on the part of the Government. Counsel for the Government explained that the failure to provide timely notice of expert testimony was merely a mistake on their part, and they had not realized she was missing from their witness list until very recently. Even though the Court finds that the delay was not

made in bad faith, it is not convinced that the Government's oversight is a sufficient reason to justify the lengthy delay.

The second *Wicker* factor requires the Court to consider the prejudice to the Defendant caused by the failure to provide notice of Ms. Sherwood's expert testimony. Defense counsel argued that without the requisite notice, it was not clear what opinions Ms. Sherwood would be providing and that in order to effectively cross examine Ms. Sherwood, Defense Counsel would need time to consult with defense experts concerning Ms. Sherwood's anticipated testimony. Accordingly, Defense Counsel is not prepared at this time to cross examine Ms. Sherwood, and would not have an opportunity to prepare with the necessary assistance of defense experts before the trial set on April 3, 2017. The Court is persuaded that requiring Defendant to cross examine a newly disclosed expert witness on such short notice would unfairly prejudice Defendant.

Under the third *Wicker* factor, the Court considers whether that prejudice could be remedied by continuing the trial. The Court notes that the trial setting in this case has been continued multiple times throughout its pendency. The Government did indicate that if Sherwood is allowed to testify, it would acquiesce if Defendant requested a continuance in the matter, but Defendant expressed a clear desire to proceed with the trial as scheduled because it would be quite a challenge to reschedule all the defense witnesses. The Government did not request a continuance, however, and expressed to the Court that it was not in a position to do so because it was ready to proceed to trial. Given that both parties expressed that they did not want a continuance and described the difficulties inherent in rescheduling the case, along with the Court's own docket and scheduling limitations, it is not clear that a continuance would be a feasible way to cure the prejudice caused by the Government's failure to comply with its disclosure requirements.

IT IS THEREFORE ORDERED that Defendant's Motion to Exclude … the Expert Testimony of Chemist Dawn Sherwood **[Doc. 228]** is GRANTED IN PART to the extent that the Government will not be permitted to offer the expert testimony of Dawn Sherwood at a trial scheduled to begin on April 3, 2017.

IT IS FURTHER ORDERED that The United States' Emergency Motion for Status Conference Regarding Trial Deposition of Chemist Sherwood **[Doc. 219]** will be DENIED as moot, to the extent that it requests a video deposition of Ms. Sherwood, in light of the Court's holding that her expert testimony will not be allowed during an April 3, 2017 trial setting.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**