IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                      Cr. No.  15-1889 JCH

RAYMOND MOYA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This case, which is set for a jury trial beginning on May 6, 2019, is before the Court on several motions in limine as discussed in more detail below.

**I.    United States' Motions in Limine to Limit Discussion of Irrelevant Evidence [Docs. 195 and 214]**

In Doc. 195, the United States has moved to exclude five categories of evidence that it contends are listed on Defendant's exhibit list, yet which are irrelevant to the charges against Moya. These include, first, a police report resulting from an incident in which police arrived at the home of Curtis and Cameron Weiss to break up a fight between them. The Government argues that the evidence is both irrelevant and inadmissible hearsay. Second, the Government seeks to exclude Moya's high school transcripts as irrelevant. Third, it asks the Court to exclude as irrelevant hearsay another police report, this concerning an argument between Cameron Weiss and Jennifer Weiss-Burke. Fourth, the Government seeks to exclude evidence that a witness had been previously accused (but never charged or convicted) of physically abusing his or her child. Fifth, the Government asks the Court to exclude evidence that a witness was accused of being unfaithful to his or her spouse. The Defendant did not respond to the Government's motion.

Approximately two months later, the Government renewed its motion by filing Doc. 214. In that motion, the Government renews its objections to the five categories of evidence outlined above, and then added a sixth category. Specifically, the Government asks the Court to exclude all evidence of Jennifer Weiss-Burke's relationship with the United States Attorney's Office and the Drug Enforcement Administration. Again, the Defendant did not respond to the Government's renewed motion.

The Court cannot discern the relevance of any of the evidence described by the Government, and Defendant has not provided the Court with any basis for its admission. Accordingly, both motions will be granted.

## II. The United States' Motion for Pretrial Ruling on Admissibility of Audio Recording Containing Admissions by Defendant [Doc. 208]

The Government moves for a pretrial ruling that a recording of a telephone call between Defendant and his girlfriend will be admissible at trial on the grounds that it is a statement of a party opponent. Defendant does not object to the motion, but he does ask that the complete recording and transcript thereof be both included on the Government's exhibit list and provided to him. In the event that the Government has not yet provided the Defendant with the recording and corresponding transcript, it must do so within seven days of the entry of this Order. With that proviso, the motion will be granted.

## III. The United States' Sealed Motion for an Order in Limine Restricting Cross-Examination of Chemist [Doc. 213]

James B. Iwamoto is a Forensic Chemist for the Drug Enforcement Administration's South Central Laboratory in Dallas, Texas. Mr. Iwamoto analyzed the drug exhibits in this case and the Government will call him as a witness to testify regarding his analyses. According to the Government's motion, in 2002 Iwamoto received a five-day suspension for "poor judgment" in

the investigation of an unrelated case. He received the suspension for removing photographs of a nude woman from a residence during the execution of a search warrant in July of 2001; the photographs had no evidentiary value in that case. According to the Government, there is no allegation that Iwamoto lied during the investigation of his misconduct. Thus, the Government asks the Court to find that defense cannot use the incident of misconduct to impeach Iwamoto under Federal Rule of Evidence 608(b), or any other rule, because the misconduct does not involve untruthfulness. The Government also contends that even if the evidence were admissible under Rule 608(b), it should be excluded under Rule 403 because the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and considerations of undue delay and waste of time.

In its response [Doc. 239], Defendant argues that the Government has failed to provide him with documents in support of its assertion that Iwamoto did not lie to investigators looking into his misconduct and demands that it produce "the official investigatory and administrative reports resulting from the DEA's official inquiry into Mr. Iwamoto's larceny…" Doc. 239 at 3. Defendant further argues that in taking the photographs, Iwamoto committed a crime of "moral turpitude," *Id*. at 6, and the centrality of his role as a key expert witness for the Government mandates that Defendant be permitted to cross examine him on this matter.

Rule 608(b) provides:

**Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
    (1) the witness; ...

Fed. R. Evid. 608(b). Therefore, under Rule 608(b), evidence of the alleged theft is admissible only if it is "probative of the character for truthfulness or untruthfulness." Fed. R. Evid. 608(b).

Theft, in and of itself, is not probative of untruthfulness or dishonesty. The Tenth Circuit has previously found that theft, without more, is not the sort of crime that is probative of untruthfulness under Rule 608(b). *United States v. Page*, 808 F.2d 723, 730 (10th Cir. 1987) (concluding that evidence of burglary is not probative of a witness' credibility); *United States v. Lamb*, 99 F. App'x 843, 847 (10th Cir. 2004) (unpublished) (stating that an "arrest for auto theft has no bearing on a witness's character for truthfulness."). This district court has reached the same conclusion. *Pedroza v. Lomas Auto Mall, Inc.*, No. CIV 07–0591 JB/RHS, 2009 WL 1325440, at *5 (D.N.M. Apr. 6, 2009) ("straightforward theft devoid of any sort of indication of dishonest or false statements," such as burglarizing a car, "is not probative of untruthfulness" and is "not a proper subject for cross-examination under rule 608(b)."). Similarly, the Eleventh Circuit has held that evidence of a prior theft is not admissible under rule 608(b), because it is not "conduct bearing on truthfulness." *United States v. Sellers*, 906 F.2d 597, 603 (11th Cir. 1990). If a theft involved a dishonest act, such as fraud or deceit, then it may be admissible under Rule 608(b).

Defendant has provided the Court with no authority that contradicts the cases set forth in the preceding paragraph. Crimes such as theft, larceny, and burglary do not implicate the truthfulness of a witness. Rule 608 is clear in its requirements, and those do not appear to be met here; the relative importance of the witness's testimony to the Government's is simply not a factor to be considered under Rule 608(b).

Even if Rule 608(b) counseled that the circumstances surrounding Iwamoto's suspension were sufficiently probative of his character for truthfulness and untruthfulness to allow Defendant to inquire into them on cross examination, the danger of unfair prejudice that they present

substantially outweighs their probative value. The events surrounding Iwamoto's theft and suspension took place approximately ten years prior to the crimes alleged in the indictment and almost eighteen years prior to Iwamoto's anticipated testimony at trial, so their probative value is diluted. At the same time, the evidence presents a danger of confusion of the issues at trial. Thus, as an alternative basis for its ruling, the Court will preclude Defendant from inquiring into the circumstances surrounding Iwamoto's suspension under Rule 403.

However, this ruling has one caveat: the Government must review the disclosure of impeachment information provided by the DEA Office of Chief Counsel. If that disclosure contains any indication that Iwamoto was dishonest in the course of the investigation into his misconduct, the Government must produce that information to Defendant within ten days of the entry of this Memorandum Opinion and Order.

## IV.     The United States' Motion for Judicial Notice [Doc. 215]

The Government asks the Court to take judicial notice, in accordance with Rule 201, of the time of sunset in Albuquerque, New Mexico on August 12, 2011, the date of the drug sale alleged in the indictment. According to the Government, the time of sunset on that date is relevant to determining what time the transaction took place. The Defendant does not oppose the motion. Accordingly, it will be granted.

**IT IS THEREFORE ORDERED** that:

(1)     *United States' Motions in Limine to Limit Discussion of Irrelevant Evidence* [Docs. 195 and 214] are **GRANTED**;

(2)     *The United States' Motion for Pretrial Ruling on Admissibility of Audio Recording Containing Admissions by Defendant* [Doc. 208] is **GRANTED** with the proviso described above;

(3)     *The United States' Sealed Motion for an Order in Limine Restricting Cross-Examination of Chemist* [Doc. 213] is **GRANTED**, provided the Government meets the conditions described above; and

(4)     *The United States' Motion for Judicial Notice* [Doc. 215] is **GRANTED**.

.

_____
**UNITED STATES DISTRICT JUDGE**