# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**                                                       **Cr. No. 15-1889 JCH**

**RAYMOND MOYA,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER ON VARIOUS PRETRIAL MOTIONS

This matter is before the Court on various pretrial motions filed by the parties, including motions in limine.

**I.**      **MOTIONS THAT ARE MOOT**

On November 27, 2018, the Court held a status conference to discuss scheduling the trial as well as the motions that needed to be ruled upon prior to the trial. Based upon that discussion, it is the Court's understanding that the following motions are now moot: Defendant's *Motion for Preservation and Disclosure of Rough Notes and Recordings* [Doc. 63], *The United States' Motion for Disclosure of Reports of Examinations and Tests and Expert Witnesses* [Doc. 115], Defendant's *Emergency Motion to Continue Trial* [Doc. 186], *The United States' Motion for a Pretrial Evidentiary Hearing on the Admissibility of Telephone Records as Evidence* [Doc. 193], and Defendant's *Emergency Opposed Motion for Status Conference* [Doc. 249]. Similarly, the *United States' Motion for Ruling* [Doc. 253] was rendered moot when the Court issued its orders on March 29, 2017 [Doc. 248] and March 31, 2017 [Doc. 257]. Accordingly, the foregoing motions will be **DENIED AS MOOT**.

## II. MOTIONS PREVIOUSLY ADDRESSED

Two other motions are not moot, but have been addressed by the Court in a previous Order entered on January 3, 2017. [Doc. 184].

### A. <u>Government's Motion to Introduce Rule 404(b) Evidence</u>

The first motion that the Court has previously addressed is the *United States' Motion in Limine to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b)* [Doc. 77]. In its previous order, the Court stated that it would defer ruling on the motion until the trial so that it could consider the evidence in context. *See* Doc. 184 at 1. However, upon reconsideration the Court has determined that it should take up the motion before trial. In doing so, the Court has considered the motion, as well as all three of Defendant's responses and the Government's reply. *See* Docs. 77, 94, 140, 165, and 177.

#### 1. <u>The Rule 404(b) Evidence at Issue</u>

The indictment in this case charges Defendant with distribution of heroin on August 7 (Count I) and August 12, 2011 (Count II). Citing Rule 404(b), the Government seeks to introduce testimony from two witnesses to the effect that they purchased and obtained heroin from Defendant on two occasions previous to those charged in the indictment. The Government also seeks to introduce evidence that in November of 2011, the Albuquerque Police Department arrested Defendant in possession of heroin. At the time of his arrest, Defendant possessed a cell phone with the same number as a phone that communicated with the two witnesses on August 11 and August 12, 2011 in connection with the transaction charged in Count II.

#### 2. <u>Rule 404(b) Generally</u>

Federal Rule of Evidence 404(b) provides:

> **(1) Prohibited Uses**. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> **(2) Permitted Uses** []; This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, ... knowledge, identity, ... or lack of accident.

Courts must consider four factors in weighing the admissibility of evidence under Rule 404(b): (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests. *See Huddleston v. United States*, 485 U.S. 681, 691, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

Evidence is admitted for a proper purpose if allowed for one or more of the enumerated purposes in Rule 404(b). It is relevant if it tends to prove or disprove one of the elements necessary to the charged offense. *See* Fed. R. Evid. 401. The danger of unfair prejudice resulting from the evidence's admission must not substantially outweigh the probative value of the evidence under the balancing test of Fed. R. Evid. 403. *See United States v. Tan*, 254 F.3d 1204, 1211-12 (10th Cir. 2001) (in order for evidence to be inadmissible under Rule 403 the evidence's unfair prejudice must do more than "damage the [d]efendant's position at trial," it must "make[ ] a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged"). The limiting instruction must caution the jury to consider the evidence only for the limited purposes for which it is admitted and not as probative of bad character or propensity to commit the charged crime.

3. <u>Analysis</u>

The Government argues that the testimony[1] from the two witnesses who allegedly purchased drugs from the Defendant is admissible for three purposes that are expressly permitted under Rule 404(b). First, the Government contends that evidence that the witnesses previously purchased heroin from Defendant is relevant to their ability to accurately identify Defendant as the person who sold heroin on August 7 and August 12, 2011, as charged in the indictment. Similarly, the Government argues that the evidence linking the cell phone in Defendant's possession in November of 2011 to the same phone used to arrange the drug transaction charged in Count II helps prove Defendant's identity as the perpetrator of that crime. In addition, the Government contends that the evidence tends to prove that Defendant acted knowingly and intentionally with respect to the charged offenses, i.e., that he knowingly and intentionally distributed heroin. The Government argues that a proper limiting instruction could be given at the time the evidence is admitted in order to minimize any unfair prejudice.

In response, Defendant argues that the evidence of other wrongs or acts is irrelevant because at trial he will be contesting causation, not identity. He also contends that the evidence is cumulative because the Government has other means to prove identity, such as an in-court identification of the Defendant by the witnesses. Thus, he claims that the evidence, to the extent it is offered to prove his identity, is of limited probative value. Second, Defendant contends that the evidence is more unfairly prejudicial than probative and should be excluded under Rule 403. To the extent the evidence is offered to prove knowledge or intent, Defendant acknowledges that

---

[1] The Government has attached to its motion a series of DEA reports setting forth information about the witness's prior interactions with Defendant as well as the circumstances surrounding Defendant's arrest in November of 2011. See Docs. 77-1 through 77-7. It is the Court's understanding that the Government does not intend to offer the reports themselves as evidence at trial, but rather the testimony of individuals who were interviewed by the agents who wrote the reports.

past drug-related activity may be admissible under Rule 404(b). Doc. 165 at 8. However, Defendant requests a limiting instruction both at the time the evidence is admitted and at the conclusions of the trial. *Id*. at 9.

First, the Court agrees with the Government that the evidence should be admitted under Rule 404(b) to prove Defendant's identity as the person charged with distribution of heroin on August 7 and August 12, 2011. While witnesses may identify the Defendant in court during trial, the Government is entitled to establish how the witnesses knew Defendant such that they can identify him as the distributor of heroin on the dates charged in the indictment. Similarly, the Government may use the evidence of Defendant's prior and subsequent acts to prove that he intentionally and knowingly distributed heroin on the dates in question. Second, the evidence is relevant because it bears directly upon the Defendant's guilt or innocence of the crimes charged in the indictment; Defendant's identity and *mens rea* are both essential elements of the crimes of which he is accused. Third, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the Defendant. The evidence is highly relevant, as explained above, and the danger of unfair prejudice can be mitigated by giving the jury a limiting instruction both at the time the evidence is admitted and again at the conclusion of the trial. As set forth in *Huddleston*, it is incumbent upon Defendant to request those instructions.

For the foregoing reasons, the Government's motion in limine to introduce Rule 404(b) evidence will be granted.

### B. Defendant's Motion to Limit Opinion Testimony

The second motion previously addressed by the Court is Defendant's *Motion in Limine to Limit Opinion Testimony Regarding Ultimate Issues and in Response to Hypothetical Questions at Trial* [Doc. 149]. In the motion the Defendant seeks a pretrial ruling to ensure that the

Government complies with the Federal Rules of Evidence when it elicits from its expert witnesses testimony regarding ultimate issues. Defendant also asks that the Government be ordered to adhere to the rules when it poses hypothetical questions to its experts. In its prior order, the Court stated that it would defer ruling on the motion until the time of trial so that it can assess the questions and the evidence in context. This remains the right course of action, and therefore the Court again defers ruling on this motion.

**IT IS THEREFORE ORDERED** that:

(1)  Defendant's *Motion for Preservation and Disclosure of Rough Notes and Recordings* [Doc. 63] is **DENIED AS MOOT**;

(2)  *The United States' Motion for Disclosure of Reports of Examinations and Tests and Expert Witnesses* [Doc. 115] is **DENIED AS MOOT;**

(3)  Defendant's *Emergency Motion to Continue Trial* [Doc. 186] is **DENIED AS MOOT;**

(4)  *The United States' Motion for a Pretrial Evidentiary Hearing on the Admissibility of Telephone Records as Evidence* [Doc. 193] is **DENIED AS MOOT;**

(5)  Defendant's *Emergency Opposed Motion for Status Conference* [Doc. 249] is **DENIED AS MOOT**;

(6)  the *United States' Motion for Ruling* [Doc. 253] is **DENIED AS MOOT**;

(7)  *United States' Motion in Limine to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b)* [Doc. 77] is **GRANTED**;

(8)  the Court **DEFERS RULING** on Defendant's *Motion in Limine to Limit Opinion Testimony Regarding Ultimate Issues and in Response to Hypothetical Questions at Trial* [Doc. 149] until time of trial.

_____
**UNITED STATES DISTRICT JUDGE**